IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS EDUARDO D.J., | Civil No. 1:26-cv-04029-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 029-320-891 |
| MARKWAYNE MULLIN, *et al.,* | |
| Respondents. | |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Carlos Eduardo D.J.[1] petitions for a writ of habeas corpus under 28

U.S.C. § 2241.  He originally entered the United States in 1990 and resided in the

country until 2009, when he was removed by immigration authorities.  Dkt. No. 1, at pg.

2; Dkt. No. 8, at pg. 8.  In 2010, he attempted to reenter the United States using a

fraudulent Lawful Permanent Resident (LPR) card and was apparently detained by

border patrol agents. Dkt. No. 8, at pg. 11.  But after that most recent entry, Petitioner

filed an application for asylum (which remains pending), and the government paroled

him into the country to pursue his asylum claims.  *Id.* at pg. 8.  In other words, the

government made a "determination to grant release" to Petitioner.  *Id.* at pg. 3.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

For a noncitizen detainee to be released from ICE custody, an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).  So when Respondents elected to release Petitioner, that decision "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk." *Id.* (cleaned up).  The record reveals no reason to think otherwise today.  To this day, Petitioner has no criminal history save for a 2025 traffic citation for "Following Too Closely."  Dkt. No. 1, at pgs. 31-32.  And although a final order of removal was entered against Petitioner in 2005, *see* Dkt. No. 8, at pg. 8, that order has apparently not been reinstated by the government.  So to this day, there is no current final order of removal against him.

But on May 7, 2026, while attempting to contest the 2025 citation at the Shasta County Courthouse, Petitioner was arrested by ICE without any notice, process, or explanation of why his circumstances might have changed.  He has been in immigration detention ever since.  And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one. *See, e.g.*, *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above. Dkt. No. 5. The court thanks Respondents for their timely and candid response. Dkt. No. 8. In it, they maintain their position that Petitioner's arrest and detention was constitutional. And they argue that this case is distinguishable from those cited in the court's order insofar as "Petitioner in this case demonstrates criminal intent with his use of a fraudulent LPR card and . . . he had prior orders of removal." *Id.* at pg. 3. In certain circumstances, these factual allegations might counsel in favor of a different result. But here, the alleged criminal activity that the government invokes as a reason to justify Petitioner's re-detention without process

3

took place over 15 years ago.  *Id.* at pg. 11. And as the government's own filings make clear, it has been aware of this alleged criminal conduct from the time of its occurrence in 2010.  As for Petitioner's prior order of removal, the government has not represented that that order has been reinstated or that Petitioner is otherwise subject to a final order of removal.  The court therefore finds no compelling reason to reach a different conclusion in this case than in the cases discussed in its order to show cause.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Petitioner's claim that his "present detention violates the Fifth Amendment," *id.* at pg. 22, for the reasons stated in those prior orders.  Respondents are ORDERED to immediately release Petitioner Carlos Eduardo D.J. (A# 029-320-891) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall

4

be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-04029-MWJS; *Carlos Eduardo D.J. v. Markwayne Mullin,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS